W. W. JOHNSON, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 42931.

JUNE 21, 1935.

H. C. Harper and John D. Beardsley, for appellant.

Jepson, Struble & Sifford, for appellee.

RICHARDS, J.—This law action was brought by plaintiff to recover damages resulting from personal injuries. He alleged that on April 19, 1933, while in a storeroom in Sioux City, he fell

through an open trapdoor and down a stairway leading into the basement. The resulting personal injuries are described later in this opinion. Plaintiff alleged that negligence on part of defendant in raising the trapdoor and leaving the hole unguarded, was the proximate cause of his injuries. Upon the trial in April, 1934, a jury verdict was returned for $5,343.90, and judgment was rendered against defendant for said amount. Defendant moved for a new trial; the only grounds thereof involved in this appeal being, in substance, that excessive damages were granted by the jury under the influence of passion or prejudice, and that the evidence wholly failed to justify the gross and excessive damages awarded by the jury, the evidence showing without contradiction that the earning power of plaintiff was not substantially impaired on account of his injuries. The court overruled the motion. Appellant claims the motion should have been sustained upon the grounds above set out and that the court erred in not so doing. No other error is assigned.

The evidence pertaining to the elements of plaintiff's damages is free from conflict. The force of the fall through the trapdoor dislocated plaintiff's left shoulder and broke off the upper end of the humerus bone so that this broken piece of bone was lying free in the joint. The fracture was slightly comminuted and not very fragmented. The surgeons, giving plaintiff a general anesthetic, were unable to effect a reduction of the fracture. The only other procedure that then could be adopted was an operation to reconstruct the shoulder. However, the soft tissues were so bruised and torn around the shoulder, resulting in such swelling, that it was not until April 24 that the reconstruction operation could be performed. On that date the surgeons again administered a general anesthetic, opened the shoulder, removed the head of the humerus bone which was broken off and was dead from lack of blood supply. The upper end of the bone was smoothed off, pieces of tissue placed over it, and the wound closed. Later it became apparent that the nerve controlling the large deltoid shoulder muscle had been so injured that the deltoid muscle became completely atrophied. Plaintiff cannot lift very much with this left arm nor raise the arm more than thirty or forty degrees from his side. He cannot undress or bathe with his left arm, and has difficulty in putting his left arm into a coat sleeve, and in these and other respects his left arm and shoulder are in a large degree, but not entirely, useless. The

evidence is uncontradicted that these injuries are permanent. Plaintiff was a hospital bed patient for fifteen days, and was confined in bed at his home for a period thereafter. He was under the surgeons' care for seven months. He suffered severe pain for eight or nine months and still suffers in less degree, and it is the evidence that pain from this injury will be recurrent in the future. The expense for hospital care and surgeons' services was $343.90, admittedly reasonable.

Although the permanent injuries and pain and suffering and expense of curative measures, in substance as above set out, are not seriously questioned, the appellant does argue that the verdict was excessive because these admitted elements of damage do not warrant the amount of the verdict. Appellant argues that, in considering the aggregate amount plaintiff could rightfully have recovered, there should not be added to the amount recoverable on the above admitted elements more than a nominal amount, on account of plaintiff's alleged decreased earning capacity. In support of this position appellant points out that plaintiff was 67 years old at time of the trial and his expectancy was 9½ years, and that plaintiff did not claim to have been earning more than forty to fifty dollars per month prior to the injury, derived principally from "trading around and dealing" in and renting real estate, and partly from manual labor, repairing storm windows, and making minor repairs. Appellant points out that, although plaintiff did not have an office or state license as a real estate dealer, he did testify that prior to the accident he had generally been in the real estate business all his life, and that just prior to the accident he had been trying to make some deals. The following is part of plaintiff's testimony:

"Q. What kind of manual labor did you do? A. I am pretty old to do—I couldn't do much. I generally make a job for myself, work for myself.

"Q. How do you mean? A. Nobody wouldn't want to hire a man as old as I am to work at packing houses.

"Q. You say you make a job for yourself. What kind of a job? A. Open up some kind of a place of business."

Plaintiff further states that his business ability to make trades, manage apartments, and that part of his earning power is good as before the accident, qualified by the statement that in connection with the handling of houses and real estate it is

necessary to do certain manual labor, such as putting up storm doors and making minor repairs.

The amount recoverable for curative expenditures is limited by the record to the sum of $343.90. A fair compensation for the remaining elements of plaintiff's damages must be considered as accounting for the balance of the verdict. These elements, as determined by the pleadings, include past and probable future pain and suffering, loss of time for several months while recovering, and decreased earning capacity on account of the permanent character of the injury. The allowance of $5,000 as damages for these elements was not sustained by sufficient evidence, and was excessive.

Plaintiff's limited earning ability in his occupation as a real estate dealer, now only partially decreased by his physical impairment, his age, his expectancy of only nine to ten years, and the other facts already set out, and the consideration that the loss of time while convalescing was at the most a few months, and the further consideration that the damages to be allowed for pain and suffering must be fair, just, and reasonable, but not fanciful, lead to the conclusion mentioned. The district court held that the verdict was not excessive, and in so doing was exercising a discretion that this court will not disturb, unless error clearly appears. But we feel that the district court should have ordered a new trial conditional upon the plaintiff remitting so much of the verdict as was clearly excessive.

The judgment must be reversed, unless the plaintiff shall, within 30 days from the final announcement of this opinion, file with the clerk of this court a remittitur of all of the verdict and judgment in excess of $4,343.90 and interest thereon and costs, in which case judgment will be affirmed. Costs of appeal assessed to appellee.—Affirmed on condition, otherwise reversed.

ANDERSON, C. J., and ALBERT, DONEGAN, PARSONS, MITCH-ELL, and HAMILTON, JJ., concur.